```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
   ACCESS BIO, INC.,                                        :
                                        Petitioner,         :     23 Civ. 4820 (LGS)
                                                            :
                  -against-                                 :     OPINION & ORDER
                                                            :
   DIVISION 5 LABS, INC.,                                   :
                                        Respondent.         :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

Petitioner Access Bio, Inc. seeks confirmation of an arbitration award issued May 23, 2023, (the "Award"), a final judgment in the amount of $391,691.12 with interest at a rate of 9% per annum until the Award is paid in full, an order compelling Respondent to transfer all withheld compliance documents and materials to Access Bio and attorney's fees and costs incurred in connection with this action and Access Bio's attempts to collect payment from Respondent. Respondent Division 5 Labs, Inc. ("D5L") participated in the arbitration and appeared in this action but did not oppose or otherwise answer the Petition to Confirm Arbitration Award (the "Petition"). For the following reasons, the Petition is granted.

I.    BACKGROUND

The following facts are taken from the Petition, Petitioner's memorandum of law and its supporting exhibits, including the Award. On October 19, 2021, the parties entered into a contract (the "Contract") stipulating that D5L would package ten million COVID test kits for Access Bio "on or around the end of Q4 2021" with renewal of the Contract to be determined on "D5L['s] performance of timely delivery of the ten million kits, and upon mutual agreement." The Contract included an arbitration clause stating, "Any disputes arising out of or in connection with this agreement shall be finally resolved by arbitration in New York under the AAA

Arbitration Rules."  The Contract also contains two provisions regarding Access Bio's initial payment: first, a "[n]on-refundable $1M deposit . . . will be applied towards the total packaging costs," and second, "$500,000 of the $1M USD deposit is non-refundable in the event of early cancellation of this contract."

D5L did not meet its obligation to provide ten million test kits by the end of Q4 2021. Access Bio, noticing a decrease in market demand for test kits, sent a letter to D5L on March 30, 2022, formally terminating the contract but promising to work with D5L until Access Bio's remaining deposit balance -- at the time, $454,576.56 -- was reduced to zero.  D5L responded with a letter and two invoices explaining that, should the parties continue to work together, Access Bio would have to "pay invoices in full going forward with no portion deducted from the deposit," that D5L would keep a $500,000 retainer from the initial $1,000,000 deposit, and that D5L would increase the cost of production.  On May 27, 2022, Access Bio submitted its demand for arbitration.

Throughout the arbitration process, D5L was unresponsive to requests for documents and failed to meet deadlines to serve document requests.  On May 23, 2023, the arbitrator, finding that D5L had breached the Contract, issued the Award of $347,937.36, pre-award interest of $11,877.51, and reimbursement of arbitration fees of $31,876.25, for a total of $391,691.12.  The Award imposed a post-reward interest rate of 4.75%, but stated that, if the Award was converted "to a judgement, the applicable court may assess post-judgment interest according to its rules." The arbitrator also ordered D5L to transfer to Access Bio "any withheld regulatory documentation . . . or retains pertaining to finished product packaged under the [Contract]."  At the time the present petition was filed, D5L had not paid any of the amount specified in the Award, nor had it transferred to Access Bio the documents or materials specified in the Award.

## II. STANDARD

Under the Federal Arbitration Act, a party to an arbitration proceeding may apply for a judicial decree confirming the award, which a court "must grant . . . unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. "An extremely deferential standard of review is appropriate in the context of arbitral awards to encourage and support the use of arbitration by consenting parties." *Smarter Tools Inc. v. Chongqing SENCI Imp. & Exp. Trade Co.*, 57 F.4th 372, 378 (2d Cir. 2023).[1] "Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." *Id.* at 378-79.

A district court should treat an unanswered petition to confirm or vacate an arbitration award as "an unopposed motion for summary judgment." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006); *accord Exclusive Trim, Inc. v. Kastamonu Romania, S.A.*, No. 23 Civ. 3410, 2023 WL 6664614, at *4 (S.D.N.Y. Oct. 12, 2023). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Even unopposed motions for summary judgment must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *D.H. Blair & Co.*, 462 F.3d at 110.

## III. DISCUSSION

### A. Arbitration Award

The Petition is granted because no genuine issues of material fact exist in this case. The two parties entered into the Contract, which specified that "[a]ny disputes arising out of or in connection with this agreement shall be finally resolved by arbitration in New York under the

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

3

AAA Arbitration Rules."  Both parties participated in the arbitration proceedings, and the arbitrator entered the Award against D5L.  D5L has since failed to oppose the Petition and has not otherwise moved to "vacate[], modif[y], or correct[]" the Award under 9 U.S.C. §§ 10-11.  *See* 9 U.S.C. § 9.

The Contract states that D5L would supply a "[m]inimum quantity of 10 million kits . . . on or around the end of Q4 2021."  It is undisputed that D5L failed to provide ten million kits by the time Access Bio terminated the contract in March 2022 and that, thereafter, D5L attempted to keep $500,000 of the initial deposit while unilaterally raising their packaging prices.  The arbitrator's determination that D5L breached the Contract is supported by more than a "barely colorable justification."  *See Smarter Tools Inc.*, 57 F.4th at 378.  The arbitrator found that the Agreement authorized Access Bio to terminate the contract in March 2022 after D5L failed to package ten million test kits and that Access Bio's decision to continue working with D5L until the deposit was exhausted was reasonable as the deposit was to be "applied towards the total packaging costs."  The arbitrator also found that while there was a genuine dispute over the interpretation of the deposit provisions, D5L "affirmatively breached" the Agreement by unilaterally raising its prices.

### B.      Attorney's Fees

Petitioner requests the costs and attorney's fees incurred in connection with this action and its attempts to collect payment from D5L.  In the context of a petition to confirm an arbitration award, attorney's fees may be awarded "when a challenger refuses to abide by an arbitrator's decision without justification."  *Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 819 (2d Cir. 2022).  Here, Respondent has failed to comply with the Award without justification and has failed to justify its refusal to abide by the

arbitrator's decision. Access Bio is entitled to reasonable attorney's fees and costs incurred attempting to collect from Respondent. *See, e.g.*, *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Tried N True Interiors LLC*, No. 19 Civ. 2083, 2019 WL 2327524, at *3-4 (S.D.N.Y. May 31, 2019).

Access Bio has not provided documents supporting its request for fees and costs to allow for an assessment of whether they are reasonable. Access Bio shall submit an application for fees and costs by **November 17, 2023**, including timesheets showing time worked, tasks performed, hourly billing rate and background information about the attorneys who worked on the case. *See, e.g.*, *Capital2Market Consulting, LLC v. Camston Wrather, LLC*, No. 22 Civ. 7787, 2023 WL 2366975, at *5 (S.D.N.Y. Mar. 6, 2023) ("[A]ny attorney who applies for court-ordered compensation in this Circuit must document the application with contemporaneous time records specifying, for each attorney, the date, the hours expended, and the nature of the work done.").

**C.   Interest**

Access Bio requests pre-judgment interest of 9% per annum on the Award accruing from May 23, 2023, to the date of judgment, as well as post-judgment interest until the Award is paid in full. This request is granted.

"The decision whether to grant prejudgment interest and the rate used if such interest is granted are matters confided to the district court's broad discretion." *U.S. Secs. & Exch. Comm'n v. Ahmed*, 72 F.4th 379, 403 (2d Cir. 2023); *accord Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund*, 2019 WL 2327524, at *3 ("[I]n the context of actions to confirm arbitral awards there is a presumption in favor of prejudgment interest."). In awarding pre-judgment interest, four factors are considered: "(i) the need to fully compensate the wronged

party for actual damages suffered, (ii) fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court." *Frommert v. Conkright*, 913 F.3d 101, 109 (2d Cir. 2019). These factors weigh in favor of Access Bio because of the "time value of money, and the benefit that [Access Bio] could have derived from" payments due "had the funds been issued at the appropriate time and invested during the pendency of [this] proceeding." *See Cohen v. Life Ins. Co. of N. Am.*, No 17 Civ. 9270, 2019 WL 1785095, at *4 (S.D.N.Y. Apr. 24, 2019); *accord SEIU, Loc. 32BJ v. Dayton Beach Park No. 1 Corp.*, No. 18 Civ. 3887, 2019 WL 120998, at *3 (S.D.N.Y. Jan. 4., 2019).

The interest rate of 9% is approved because "the same considerations that inform the court's decision whether or not to award interest at all should inform the court's choice of interest rate." *Jones v. UNUM Life Ins. Co. of Am.*, 223 F.3d 130, 139 (2d Cir. 2000); *accord Trividia Health, Inc. v. Nipro Corp.*, No. 20 Civ. 8450, 2022 WL 1744701, at *3 (S.D.N.Y. May 31, 2022). "Courts in the Second Circuit have awarded interest at the post-judgment statutory rate . . . and under the New York rate." *Trividia Health, Inc.*, 2022 WL 1744701, at *3 (collecting cases). "Awarding the 9 percent New York rate has been described as common practice among the courts of this Circuit." *Id.*

Post-judgment interest is also granted. "Pursuant to 28 U.S.C. § 1961, the award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Tru-Art Sign Co. v. Loc. 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017). Section 1961 applies to actions to confirm arbitration. *See, e.g.*, *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100-01 (2d Cir. 2004) ("Post-judgment interest awarded in [an order to confirm an arbitration award] was mandatory under § 1961."); *accord N.Y.C. Dist. Council of*

*Carpenters v. Tried N True Interiors LLC*, No. 20 Civ. 51, 2020 WL 1809323, at *4 (S.D.N.Y. Apr. 9, 2020). In addition to pre-judgment interest, Access Bio is awarded post-judgment interest at the statutory rate prescribed by 28 U.S.C. § 1961, accruing from the date of judgment until payment is made.

## IV.   CONCLUSION

For the foregoing reasons, the Petition to Confirm Arbitration is **GRANTED**. D5L shall pay Access Bio $391,691.12 as provided in the Award, plus pre-judgment interest at a rate of 9% per annum from May 23, 2023, through the entry of judgment, and post-judgment interest, calculated at the statutory rate prescribed by 28 U.S.C. § 1961.

By **November 17, 2023**, Access Bio shall submit an application for attorney's fees and costs, including timesheets and other documents supporting the motion.

By **November 28, 2023**, as provided in the Award, Respondent shall transfer any and all withheld compliance documents, materials, regulatory documentation and retains (i.e., products held back as regulatory samples) pertaining to finished product packaged under the Contract to Access Bio. *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund*, *Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Manzo*, No. 21 Civ. 504, 2021 WL 3082291, at *4 (S.D.N.Y. July 20, 2021) (compelling production of documents and materials previously ordered in the arbitral award).

Dated: October 27, 2023
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**