SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ACCESS BIO, INC.,
                             Petitioner,

-against-

DIVISION 5 LABS, INC.,
                             Respondent.
------------------------------------------------------------X

23 Civ. 4820 (LGS)

OPINION & ORDER

LORNA G. SCHOFIELD, District Judge:

On October 27, 2023, Petitioner's motion to confirm arbitration was granted, and Petitioner was granted leave to file an application for attorney's fees and costs. For the following reasons, Petitioner's motion is granted in part. Petitioner is awarded $15,960 in fees and $1,213.64 in expenses.

I. BACKGROUND

Petitioner Access Bio, Inc. commenced this action by filing a Petition to Confirm Arbitration Award (the "Petition") against Respondent Division 5 Labs, Inc. on June 8, 2023. Although Respondent has appeared in this case, Respondent did not oppose the Petition. An October 27, 2023, Opinion & Order confirmed the arbitration award and granted Petitioner's request for "reasonable attorney's fees and costs incurred attempting to collect from Respondent." On November 17, 2023, Petitioner submitted the instant motion along with information about the attorneys and paralegals who had worked on the case and timesheets showing time worked, tasks performed and hourly billing rates. Respondent was given until December 8, 2023, to respond but did not do so. The motion is treated as unopposed.

Petitioner seeks $30,665 in fees for 49 hours of work completed by a partner, an associate and two paralegals, as well as $1,213.64 in related costs. Petitioner's counsel performed the

work to collect the arbitration award, including preparing the petition and making service on Respondent. Attorney Matthew Oliver ("Oliver"), a partner of the firm Lowenstein Sandler LLP who graduated law school in 1997, billed 6.9 hours at a rate of $1,050 per hour for a total of $7,245. Attorney Logan Vickery ("Vickery"), an associate of the firm who graduated law school in 2021, billed 32.9 hours at a rate of $600 per hour for a total of $19,740. Paralegals Gerilyn DaCosta and Silvana Cosentini (the "Paralegals") together billed 9.2 hours at a rate of $400 per hour for a total of $3,680. Oliver asserts that his firm generates invoices to Petitioner monthly and that he personally reviewed all time entries and "reduced or wrote off the time billed for certain tasks" where appropriate before submitting them to Petitioner.

II. LEGAL STANDARD

Because attorney's fees are dependent on the unique facts of each case, the district court has "considerable discretion in determining what constitutes reasonable attorney's fees." *Holick v. Cellular Sales of New York, LLC*, 48 F.4th 101, 105 (2d Cir. 2022). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *accord Vogelmann v. Comm'r of Soc. Sec.*, 15 Civ. 8717, 2021 WL 6127077, at *2 (S.D.N.Y. Dec. 28, 2021). Even in the absence of an objection, the court conducts an inquiry into the reasonableness of fees requested. *See, e.g.*, *Essar Steel Algoma Inc. v. S. Coal Sales Corp.*, No. 17 Misc. 360, 2023 WL 8530346, at *1 (S.D.N.Y. Nov. 17, 2023); *Weng v. Kung Fu Little Steamed Buns Ramen Inc.*, No. 17 Civ. 273, 2023 WL 3027438, at *2 (S.D.N.Y. Apr. 20, 2023).

To determine the appropriate attorney's fees award, courts calculate the "lodestar," which "is derived by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *H.C. v. New York City Dep't of Educ.*, 71 F.4th 120, 126 (2d Cir. 2023).

### III. DISCUSSION

#### A. Reasonable Hourly Rate

District courts have "considerable discretion" in setting the hourly rate. *Lilly v. City of New York*, 934 F.3d 222, 232 (2d Cir. 2019). "[C]ourts should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Restivo v. Hessemann*, 846 F.3d 547, 590 (2d Cir. 2017). The district court should consider the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Reiter v. MTA N.Y. City Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006); *accord Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. Piccini MNM, Inc.*, 19 Civ. 5258, 2021 WL 1791591, at *4 (S.D.N.Y. May 5, 2021). The district court should also evaluate "case-specific variables[,]" including the complexity of the matter being handled. *Lilly*, 934 F.3d at 230-32.

Courts examining the reasonableness of fees awarded in relation to petitions to confirm an arbitral award have examined the relative complexity of the arbitration and the confirmation proceedings to determine whether the fees are reasonable. *See Sire Spirits, LLC v. Green*, No. 21 Civ. 7343, 2022 WL 16578960, at *2 (S.D.N.Y. Nov. 1, 2022) (reducing the requested hourly rates due to the lack of complexity in a petition to confirm arbitration); *Major League Baseball Properties, Inc. v. Corporacion de Television y Microonda Rafa, S.A.*, No. 19 Civ. 8669, 2021 WL 56904, at *4 (S.D.N.Y. Jan. 7, 2021) (same). In this case, three lay witnesses testified over the course of two days at the arbitration hearing. The petition to confirm the arbitral award was six pages long and accompanied by an eight-page memorandum of law. The petition was unopposed. Because this case is less complex than other breach of contract litigation, the reasonable fees here are less than those in general commercial litigation.

Oliver has over two decades of experience in commercial litigation and is a partner in the New York office of a large national law firm. Attorneys in this district with comparable experience frequently charge over $1,000 an hour in complex commercial litigation. *See, e.g.*, *Fleisig v. ED&F Man Cap. Markets, Inc.*, No. 19 Civ. 8217, 2021 WL 4459120, at *3 (S.D.N.Y. Sept. 29, 2021) (approving hourly rate of $1,000 for experienced senior partners in a commercial tort suit); *Macquarie México Real Estate Mgmt. S.A. de C.V. As Attorney-In-Face for Cibanco v. Hoiston Int'l Enter., Inc.*, 20 Civ. 8383, 2021 WL 4952693, at *8 (S.D.N.Y. Oct. 1, 2021) (finding hourly rates of $1,300 for a managing partner with more than 25 years of experience and $1,250 for a partner with more than 20 years of experience reasonable in a breach of contract suit). However, fees awarded in cases seeking confirmation of an arbitral award have been reduced to between $500 and $750 an hour for partners. *See, e.g.*, *Sire Spirits, LLC*, 2022 WL 16578960, at *2 (reducing the requested hourly rates of $975-$1,050 to $750 for experienced firm partners in connection with a petition to confirm an arbitration award); *Major League Baseball Properties, Inc.*, 2021 WL 56904, at *4 (reducing the requested hourly rate of $1,083.75 to $650 for a founding partner and of $845.75 to $500 for a partner in connection with a petition to confirm an arbitration award). Oliver's hourly rate is reduced from $1,050 to $800.

Vickery had graduated from law school just over two years before he performed the work at issue here. Reasonable rates for junior attorneys involved in commercial litigation in this district are typically less than $350, even at large firms, and especially in the context of confirmations of arbitral awards. *See, e.g.*, *Sire Spirits, LLC*, 2022 WL 16578960, at *2 (reducing the requested hourly rate from $690-$710 to $350 for a mid-level associate in connection with a petition to confirm an arbitration award); *Major League Baseball Properties, Inc.*, 2021 WL 56904, at *4 (reducing the requested hourly rate from $590.75 to $300 for an

associate with over 9 years of experience in connection with a petition to confirm an arbitration award); *see also City of Almaty v. Ablyazov*, 15 Civ. 05345, 2020 WL 614656, at *3 (S.D.N.Y. Feb. 7, 2020) (finding $330 an hour to be a reasonable rate for a second-year associate at Boise Schiller in connection with motions to compel and sanctions motions); *Match Grp., LLC v. Beazley Underwriting Ltd.*, 22 Civ. 4629, 2023 WL 9603886, at *7 (S.D.N.Y. Dec. 21, 2023) (finding $300 an hour to be a reasonable rate for junior associate with one year of experience in a breach of contract suit); *Homeaway.com, Inc. v. City of N.Y.*, 523 F. Supp. 3d 573, 599 (S.D.N.Y. 2021) (finding $300 an hour to be a reasonable rate for Gibson Dunn associates with one to two years of experience in a Fourth Amendment suit). A reasonable rate for Vickery's services is $300 an hour.

An hourly rate of $150 is reasonable for the work done by the Paralegals. Courts in this district typically award between $100 and $150 an hour for paralegal work. *See, e.g.*, *Sire Spirits, LLC*, 2022 WL 16578960, at *2 (reducing the requested hourly rate to $200 for a paralegal with more than a decade of experience in connection with a petition to confirm an arbitration award); *N.G. v. New York City Dep't of Educ.*, No. 21 Civ. 8488, 2024 WL 133615, at *4 (S.D.N.Y. Jan. 12, 2024) (finding $125 an hour for a senior paralegal and $100 an hour for other paralegals to be reasonable rates in connection with a Due Process complaint); *Ji Li v. Ichiro Sushi, Inc.*, 14 Civ. 10242, 2022 WL 1137094, at *2 (S.D.N.Y. Apr. 16, 2022) (finding $125 an hour for a paralegal to be a reasonable rate in connection with a sanction motion).

### B. Hours Reasonably Expended

"[A]ny attorney who applies for court-ordered compensation in this Circuit must document the application with contemporaneous time records specifying, for each attorney, the date, the hours expended, and the nature of the work done." *Marion S. Mishkin L. Off. v. Lopalo*,

767 F.3d 144, 148 (2d Cir. 2014); *accord Brunswick Recs. Corp. v. Lastrada Ent. Co.*, No. 23 Civ. 100, 2023 WL 8703705, at *6 (S.D.N.Y. Dec. 15, 2023).  Before including time entries in the lodestar, a court must make "a conscientious and detailed inquiry" into the hours for which a party seeks reimbursement.  *Haley v. Pataki*, 106 F.3d 478, 484 (2d Cir. 1997); *accord Brunswick Recs. Corp.*, 2023 WL 8703705, at *6.  A court must "provide a concise but clear explanation of its reasons for the fee award."  *Hensley*, 461 U.S. at 437; *accord In re Petrobras Sec. Litig.*, 828 F. App'x 754, 759 (2d Cir. 2020) (summary order) (noting that *Hensley* does not require "a line-by-line accounting of every cost included or excluded from the fee award").  The court need not determine "whether attorney hours were necessary to the relief obtained" but simply whether, "at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures."  *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992); *accord Harrington v. Kaushan Media Corp.*, No. 23 Civ. 3213, 2023 WL 8880311, at *6 (S.D.N.Y. Nov. 21, 2023).  A court may exclude hours that are "excessive, redundant or otherwise unnecessary."  *H.C.*, 71 F.4th at 126.

       The hours for which Petitioner seeks reimbursement are reasonable.  Significant time was expended on issues of service, but this was due to Respondent's unresponsiveness.  The attorneys spent an appropriate amount of time working on substantive filings, even in light of the relative lack of complexity of the petition.  *See, e.g.*, *Sire Spirits, LLC*, 2022 WL 16578960, at *3 (finding reasonable approximately 300 hours spent on a petition that also involved a cross-motion to vacate the arbitral award); *Major League Baseball Properties, Inc.*, 2021 WL 56904, at *6 (finding reasonable approximately 200 hours spent on an opposed petition).  However, ECF filing errors required time from Vickery and the Paralegals to correct.  These hours are "redundant" because they duplicated effort already expended and should be deducted from the

lodestar.  *See, e.g.*, *Y.S. v. New York City Dep't of Educ.*, 21 Civ. 2159, 2022 WL 4096071, at *4 (S.D.N.Y. Sept. 6, 2023).  Therefore, 1.7 hours are deducted from Vickery's time and 2 hours from the Paralegals' time.

### C. Calculating Reasonable Costs

"An award of costs normally includes those reasonable out-of-pocket expenses incurred by attorney and which are normally charged fee-paying clients."  *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020).  The $1,213.64 in expenses sought by Petitioner are reasonable.  The expenses relate primarily to attempts to serve Respondent.  The serial service attempts were necessary because Respondent apparently was attempting to avoid service.

## IV.   CONCLUSION

As Oliver's rate is reduced to $800 per hour and his hours are unchanged, Petitioner is entitled to $5,520 for his work.  Vickery's hourly rate is reduced from $600 an hour to $300 an hour, and his compensable hours are reduced from 32.9 to 31.2; Petitioner is entitled to $9,360 for his work.  The Paralegals' hourly rate is reduced from $400 an hour to $150 an hour, and their compensable hours are reduced from 9.2 to 7.2; Petitioner is entitled to $1,080 for their services.  In total, Petitioner is awarded $15,960 in fees and $1,213.64 in expenses.

The Clerk of Court is respectfully directed to close the motion at Dkt. 21.

Dated: June 20, 2024
       New York, New York

                                    LORNA G. SCHOFIELD
                                    UNITED STATES DISTRICT JUDGE